**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

UNION CARBIDE CHEMICALS       )
PLASTICS TECHNOLOGY CORPORATION,   )
and UNION CARBIDE CORPORATION,     )
                             )
           Plaintiffs,     )
                             )     C. A. NO: 99-274 (SLR)
   v.                   )     (Consolidated with Civil Action
                             )     No. 99-846)
SHELL OIL COMPANY,         )
SHELL CHEMICAL COMPANY, and     )
CRI CATALYST COMPANY,       )
                           )
           Defendants.    )

**PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT
ON THE AFFIRMED JURY'S VERDICT**

Plaintiffs Union Carbide Chemicals & Plastics Technology Corporation and Union

Carbide Corporation (collectively "Union Carbide") hereby submit this motion to enter judgment

and execution as to the affirmed jury verdict and the award of $153,615,773.69, have an

accounting and award additional damages for sales of Shell's catalysts for domestic use that were

not before the jury, and determine additional prejudgment interest at the prime rate from June 1,

2004, through entry of the judgment on the domestic damages.  Attached are Union Carbide's

memorandum in support of its motion and a proposed order.

As explained in the attached memorandum, there is no reason to further prevent Union

Carbide from recovering a portion of its damages in a case that has been pending for almost

seven years when the jury verdict damages award of $153,615,773.69 has been affirmed by the

Court of Appeals for the Federal Circuit and is final.

Respectfully submitted,

_____*/s/ James D. Heisman*_____

Dated:  January 31, 2006

OF COUNSEL:
Harry J. Roper
Raymond N. Nimrod
Aaron A. Barlow
David R. Bennett
JENNER & BLOCK
One IBM Plaza
Chicago, Illinois 60604
(312) 222-9350

Bruce Kanuch
The Dow Chemical Company
Legal Dept.
2030 Dow Center
Midland MI 48674
(989) 636-2115

Jeffrey B. Bove (Del. No. 998)
James D. Heisman (Del. No. 2746)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
*Attorneys for Plaintiffs Union Carbide*
*Chemicals & Plastics Technology*
*Corporation and Union Carbide*
*Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNION CARBIDE CHEMICALS &<br>PLASTICS TECHNOLOGY CORPORATION,<br>and UNION CARBIDE CORPORATION, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>)<br>) | C. A. NO:  99-274 (SLR)<br>(Consolidated with Civil Action<br>No. 99-846) |
| SHELL OIL COMPANY,<br>SHELL CHEMICAL COMPANY, and<br>CRI CATALYST COMPANY, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR
ENTRY OF JUDGMENT ON THE AFFIRMED JURY'S VERDICT**

**CONNOLLY BOVE LODGE & HUTZ LLP**
Jeffrey B. Bove (Del. No. 998)
James D. Heisman (Del. No. 2746)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
*Attorneys for Plaintiffs Union Carbide
Chemicals & Plastics Technology
Corporation and Union Carbide
Corporation*

OF COUNSEL:

Harry J. Roper
Raymond N. Nimrod
Aaron A. Barlow
David R. Bennett
JENNER & BLOCK
One IBM Plaza
Chicago, Illinois 60604
(312) 222-9350

Bruce Kanuch
The Dow Chemical Company
Legal Dept.
2030 Dow Center
Midland MI 48674
(989) 636-2115

Dated:  January 31, 2006

## TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................................................1

II.  NATURE AND STAGE OF THE PROCEEDINGS ...............................................1

III. SUMMARY OF THE ARGUMENT .....................................................................1

IV. STATEMENT OF FACTS ......................................................................................2

V.  ARGUMENT..........................................................................................................2

CONCLUSION.................................................................................................................4

# TABLE OF AUTHORITIES

**Cases**

*Barnes v. United States,*
   678 F.2d 10 (3d Cir. 1982) ............................................................................................... 3

*Dempsey By and Through Dempsey v. United States,*
   32 F.3d 1490 (11th Cir. 1994) ........................................................................................ 4

*Home Savings of America, F.S.B. v. United States,*
   69 Fed.Cl. 187 (Ct. Cl. 2005). ....................................................................................... 3

*King Instruments Corp. v. Otari Corp.,*
   814 F.2d 1560 (Fed.Cir. 1987) .................................................................................... 2, 3

*Union Carbide  v. Shell,*
   425 F.3d 1366 (Fed.Cir. 2005) ................................................................................. 1, 2, 3

**Statutes**

35 U.S.C. § 271(f)............................................................................................................ 1, 2

## I.    INTRODUCTION

Plaintiffs Union Carbide Chemicals & Plastics Technology Corporation and Union Carbide Corporation (collectively "Union Carbide") hereby submit this Memorandum in Support of Their Motion For Entry of Judgment on the Affirmed Jury's Verdict.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

This lawsuit concerns Union Carbide's accusation that Shell has been infringing U.S. Patent No. 4,916,243 ("the '243 patent"). After a first trial and first appeal, this Court held a second jury trial beginning on October 27, 2003. The jury found that the domestic use of Shell's catalysts infringed the '243 patent and awarded $111,212,665.02 damages to which the Court added prejudgment interest. (D.I. 602; D.I. 720-721). The Court of Appeals for the Federal Circuit ("Federal Circuit") affirmed the jury's verdict and damages but it reversed this Court's ruling on 35 U.S.C. §271(f) and remanded the case "for a new determination of damages" under §271(f). *Union Carbide v. Shell*, 425 F.3d 1366, 1381 (Fed.Cir. 2005). After denying Shell's motion to stay the entry of the mandate, the Federal Circuit's mandate issued January 23, 2006.

## III.    SUMMARY OF THE ARGUMENT

The Federal Circuit has affirmed the jury's verdict and award of $153,615,773.69, including prejudgment interest, and remanded for a separate determination of damages under §271(f) that was not presented to the jury. The affirmed $153,615,773.69 damages award for sales for use in the United States is final and will not be affected by the determination of Shell's additional damages for infringement under 271(f) on sales for foreign use. Therefore, consistent with the Federal Circuit's mandate, this Court should enter judgment as to the affirmed jury verdict and award of $153,615,773.69 after an accounting for additional prejudgment interest and additional sales for domestic use that were not accounted for in the jury's verdict.

1

## IV.    STATEMENT OF FACTS

Union Carbide asserted that the use of Shell's S-880 and S-882 catalysts ("catalysts at issue"), both in the United States and abroad, infringed claim 4 of the '243 patent. However, prior to trial this Court held that "[35 U.S.C. §]271(f) is not directed to process claims" and precluded Union Carbide from arguing that process performed outside the United States infringed. (D.I. 561 at 6, ¶33). At trial, the jury found that Shell infringed claim 4 of the '243 patent, that claim 4 was not invalid, and awarded Union Carbide damages of $111,212,665.02 million.[1] (D.I. 602). The Court added prejudgment interest of $42,403,108.67 through May 31, 2004. (D.I. 720 at 50). Shell appealed the jury's verdict and Union Carbide appealed the Court's ruling on §271(f).

On October 3, 2005, the Federal Circuit affirmed the jury's verdict and the damages award of $153,615,773.69. *Union Carbide v. Shell*, 425 F.3d 1366, 1369 (Fed.Cir. 2005). Furthermore, the Federal Circuit held that this Court erred in its §271(f) ruling and remanded the case to this Court to determine additional damages under §271(f). *Id.* at 1381.

## V.    ARGUMENT

Union Carbide moves this Court to enter judgment and order execution as to the affirmed jury verdict and the award of $153,615,773.69 after an accounting for additional prejudgment interest and sales for domestic use that were not accounted for in the jury's verdict while reserving the §271(f) issue for further determination. The Federal Circuit's decision in *King Instruments Corp. v. Otari Corp.*, 814 F.2d 1560 (Fed.Cir. 1987), is particularly instructive on this issue.

---

[1]     This Court adjusted the jury's $112,198,893 damages award to $111,212,665 after correcting for a clerical error. (D.I. 723).

In *King Instruments*, after the Federal Circuit affirmed the award of damages for machine sales but vacated and remanded the issue of damages from spare parts sales, the district court entered a modified judgment confirming the affirmed machine damages and ordering execution of those damages while reserving spare parts damages for later determination. *Id.* at 1561-62. On the appeal of the modified judgment, the Federal Circuit looked to 28 U.S.C. §2106 and held that the district court was "absolutely bound by [the] affirmance as to the machine damages" and it was "not incorrect or an abuse of discretion for the trial judge to order execution on that portion of the judgment which was final, while reserving the issue of spare parts." *Id.* at 1563; *see also Barnes v. United States*, 678 F.2d 10, 12 (3d Cir. 1982) ("If a judgment for the undisputed part of a claim could be entered while proceedings went forward in the trial court, no reason suggests itself for a different rule with respect to ongoing proceedings in the appellate court."); *Home Savings of America, F.S.B. v. United States*, 69 Fed.Cl. 187, 192 (Ct. Cl. 2005).

Like *King Instruments*, in this case the Federal Circuit has affirmed a damages award of $153,615,773.69 and remanded for the determination of additional damages on a separate issue, namely §271(f). *Union Carbide v. Shell*, 425 F.3d 1366, 1369 (Fed.Cir. 2005). Also, like *King Instruments*, the affirmed damages in this case will not be affected by the determination of additional damages. *See King Instruments*, 814 F. 2d at 1563. The jury award was based solely on catalysts used domestically so additional damages for infringement under §271(f) due to catalysts used abroad will not affect the affirmed domestic award. (*See* D.I. 561 at 6, ¶33). Therefore, consistent with *King Instruments*, although the issue of damages under §271(f) requires further determination, there is no reason to further prevent compensating Union Carbide in a case that has been pending for almost seven years when the jury verdict damages award is final. *See King Instruments*, 814 F.2d at 1563; *Dempsey v. United States*, 32 F.3d 1490, 1498

3

(11th Cir. 1994) ("No party is entitled to benefit from any leverage it might obtain from unnecessary delay in paying that part of a judgment that it indisputably owes.").

Shell has informed Union Carbide that there is at least one addition catalyst charge used in a domestic process that was not accounted for in the jury's verdict. Therefore, Union Carbide requests an accounting as to any additional sales for domestic use that were not before the jury.

Furthermore, this Court previously granted Union Carbide prejudgment interest, however, the interest was only determined through May 31, 2004. (D.I. 720 at 50). Therefore, Union Carbide also requests an additional accounting for prejudgment interest from June 1, 2004, through the date of entry of the presently requested judgment.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court enter judgment and order execution for the affirmed damages of $153,615,773.69, an accounting for additional sales for domestic use not presented to the jury, and an accounting for additional prejudgment interest.

Respectfully submitted,

_/s/ James D. Heisman_

Dated: January 31, 2006

Jeffrey B. Bove (Del. No. 998)
James D. Heisman (Del. No. 2746)

OF COUNSEL:
Harry J. Roper
Raymond N. Nimrod
Aaron A. Barlow
David R. Bennett
JENNER & BLOCK
One IBM Plaza
Chicago, Illinois 60604
(312) 222-9350

CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
_Attorneys for Plaintiffs Union Carbide_
_Chemicals & Plastics Technology_
_Corporation and Union Carbide_
_Corporation_

Bruce Kanuch
The Dow Chemical Company
Legal Dept.
2030 Dow Center
Midland MI 48674
(989) 636-2115

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

UNION CARBIDE CHEMICALS             )
PLASTICS TECHNOLOGY CORPORATION, )
and UNION CARBIDE CORPORATION,     )
                                            )
                 Plaintiffs,       )
                                            )     C. A. NO:  99-274 (SLR)
     v.                               )     (Consolidated with Civil Action
                                            )     No. 99-846)
SHELL OIL COMPANY,            )
SHELL CHEMICAL COMPANY, and     )
CRI CATALYST COMPANY,        )
                                            )
                 Defendants.     )

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY
## OF JUDGMENT ON THE AFFIRMED JURY'S VERDICT

This ____ day of February, 2006, Plaintiffs having moved for an order:

(a)      entering judgment and execution as to the affirmed jury verdict and the award of

$153,615,773.69;

(b)      for an accounting for additional damages for sales of Shell's catalysts for

domestic use that were not before the jury; and

(c)      for additional prejudgment interest at the prime rate from June 1, 2004 through

entry of the judgment on the domestic damages;

AND the Court, having considered Union Carbide's motion, hereby orders that Union

Carbide's motion should be, and is, GRANTED.


Dated:  Feb. ____, 2006             _____
                                                      United States District Judge

### CERTIFICATE OF SERVICE

I, James D. Heisman, hereby certify that on January 31, 2006, I caused a true and accurate copy of Plaintiffs' Motion for Entry of Judgment on the Affirmed Jury's Verdict, supporting memorandum, and proposed order to be served on the following counsel by the following method:

> ***Via Hand-Delivery***
> Alan M. Terrell, Jr., Esq.
> Jeffrey L. Moyer, Esq.
> Richards, Layton & Finger
> One Rodney Square, P.O. Box 551
> Wilmington, DE 19899
>
> ***Via Fed Ex***
> William Slusser, Esq.
> Slusser Wilson & Partridge, LLP
> 4720 Three Allen Center
> 333 Clay Street
> Houston, TX 77002
>
> ***Via Fed Ex***
> John D. Norris, Esq.
> Richard L. Stanley, Esq.
> Howrey Simon Arnold & White, LLP
> 1111 Louisiana, 25th Floor
> Houston, TX  77057

*/s/ James D. Heisman*
James D. Heisman (Del. No. 2746)