IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNION CARBIDE CHEMICALS & <br> PLASTICS TECHNOLOGY CORP. and <br> UNION CARBIDE CORP., <br> <br> Plaintiffs, <br> Counter-Defendants, <br> <br> v. <br> <br> SHELL OIL COMPANY, SHELL <br> CHEMICAL COMPANY, and <br> CRI CATALYST COMPANY, <br> <br> Defendants, <br> Counter-Plaintiffs. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. No. 99-274-SLR <br> ) (Lead case) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM ORDER**

At Wilmington this 14th day of March, 2006, having reviewed plaintiffs' motion for entry of judgment and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 741) is granted in part and denied in part, for the reasons that follow:

1. The United States Court of Appeals for the Federal Circuit, in <u>Union Carbide Corp. v. Shell Oil Co.</u>, 425 F.3d 1366 (Fed. Cir. 2005), affirmed the jury's verdicts of infringement and no willfulness. In its discussion of damages, the Court specifically affirmed "the district court's damages award" as it related to Shell's domestic sales. <u>Id.</u> at 1378. The Court remanded the case, however, for "additional findings on Shell's

potential liability under 35 U.S.C. 271(f)" in connection with its foreign sales. Id. at 1380.

2. Plaintiffs now move "to enter judgment and execution as to the affirmed jury verdict and the award of $153,615,773.69, have an accounting and award additional damages for sales of Shell's catalysts for domestic use that were not before the jury, and determine additional prejudgment interest at the prime rate from June 1, 2004, through entry of the judgment on the domestic damages." (D.I. 741) Defendants object to the accrual of prejudgment interest past June 15, 2004, the date the original judgment was entered. (D.I. 723; D.I. 743)

3. Based on the reasoning of the Federal Circuit in Tronzo v. Biomet, Inc., 318 F.3d 1378 (Fed. Cir. 2003), I conclude that prejudgment interest in this case runs only to the date of entry of the original judgment, that is, June 15, 2004. More specifically, the Federal Circuit in Tronzo explained that

> [i]nterest on a judgment in a civil case runs from "the date of the entry of the judgment" in the district court. 28 U.S.C. § 1961. Rule 37(a) of the Federal Rules of Appellate Procedure provides that if a money judgment is affirmed on appeal, interest runs from the date of entry of the original judgment. . . .
>
> When a money judgment is modified or reversed on appeal, the appellate court is required to decide questions of interest: Rule 37(b). If the court modifies or reverses a judgment with a direction that a money judgment be entered in the district court, the mandate must contain instructions about the allowance of interest.

2

> Precedent establishes that when . . . the appellate court's mandate did not contain the requisite instructions, the district court is powerless to award interest other that as provided in 28 U.S.C. § 1961, that is, from the date the district court enters judgment on return of the mandate.

Id. at 1379-80.

4. The parties apparently dispute whether the Federal Circuit affirmed the money judgment entered by this court, or whether the Federal Circuit modified or reversed said judgment. By order dated June 9, 2004, the court directed the clerk to enter judgment in favor of plaintiffs in the amount of $153,615,773.69, and awarded prejudgment interest on that amount. (D.I. 721) Judgment was entered consistent therewith on June 15, 2004. (D.I. 723) The Federal Circuit, in affirming the judgment as written and entered, specifically noted that "Shell's domestic sales are separately covered by the district court's present damages calculation" and "affirm[ed] the district court's damages award." Union Carbide Corp. v. Shell Oil Co., 425 F.3d at 1378, 1380. My ruling on the application of 35 U.S.C. § 271(f) was made pretrial. The Federal Circuit remanded the case "for additional findings on Shell's potential liability under 35 U.S.C. § 271(f)" and "a new determination of damages" under § 271(f). Id. at 1380, 1381. Under these circumstances, I conclude that the "money judgment" sought to be entered by Union Carbide through the instant motion practice was **not** modified or

3

reversed on appeal and, therefore, I have the authority to award interest consistent with the "meaningful ascertainment" test embraced by the Third Circuit.

5. This reasoning finds support in the Supreme Court's decision in <u>Kaiser Aluminum & Chem. Corp. v. Bonjorno</u>, 494 U.S. 827 (1990). In that case, the district court set aside the first jury's findings on damages because they were not supported by the evidence; that decision was never appealed. In determining when postjudgment interest should accrue, the Supreme Court explained:

> "[T]he purposes of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant."

<u>Id.</u> at 835-36 (quoting <u>Poleto v. Consolidated Rail Corp.</u>, 826 F.2d 1270, 1280 (3d Cir. 1987)). The Court went on to explain, however, that

> [w]here the judgment on damages was not supported by the evidence, the damages have not been "ascertained" in any meaningful way. It would be counterintuitive, to say the least, to believe that Congress intended postjudgment interest to be calculated from such a judgment. See <u>FDIC v. Rocket Oil Co.</u>, 865 F.2d 1158 (10th Cir. 1989) (postjudgment interest may not be calculated from judgment that was completely reversed).

<u>Kaiser</u>, 494 U.S. at 836.

6. Other courts, including the Third Circuit,[1] employ the

---

[1] The determination of when prejudgment interest stops accruing and postjudgment interest begins accruing is governed by

"meaningful ascertainment" test to determine when postjudgment interest should accrue.

> The standard for determining whether postjudgment interest should run from the original judgment is well established. Specifically, the decision turns on the degree to which the original judgment was upheld or invalidated on appeal.
>
> \*\*\*\*\*\*
>
> While the general standard is well formulated, its application in particular cases is often very fact specific. At one factual extreme, it is clear that if the original judgment is affirmed in whole, such as where the court of appeals reverses the district court's grant of judgment n.o.v. and orders the original judgment reinstated in its entirety, postjudgment interest will accrue from the date of the first judgment. . . . At the other extreme are cases in which the original judgments are reversed completely. In these cases, postjudgment interest will not begin accruing until the later judgment.
>
> Those cases that fall between the extremes present more difficult questions. With cases in the middle, the analysis essentially focuses on which of the two extremes the cases resemble most.

Loughman v. Consol-Pennsylvania Coal Co., 6 F.3d 88, 97-98 (3d Cir. 1993).[2]

---

regional circuit law. Transmatic, Inc. v. Gulton Indus., Inc., 180 F.3d 1343, 1347-48 (Fed. Cir. 1999).

[2] Cf. Ericsson, Inc. v. Harris Corp., 146 Fed.Appx. 476 (Fed. Cir. 2005), where the Federal Circuit affirmed the decision of the district court awarding prejudgment interest through the date of entry of judgment on remand. The Federal Circuit reasoned that the damages award only became "meaningfully ascertainable" upon remand, because the original judgment entered did not even contain any damages award, as the defendant had been held not liable for patent infringement.

7. In this case, as recognized by the Federal Circuit, Shell's domestic sales were calculated separately and the amount of such damages was affirmed on appeal. Therefore, the damages subsequently awarded on remand were ascertainable from the original judgment and it is appropriate to allow the accrual of prejudgment interest only to the date the original judgment was entered, June 15, 2004.

_____
United States District Judge